UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In Re:

Community Health Systems, Inc.                    Case No.:   14-11319-rdm

                                                  Chapter 11
　　　　Debtor.

AFFIDAVIT OF PROPOSED SPECIAL COUNSEL,
VON BRIESEN & ROPER, S.C. BY
ATTORNEY LOUIS E. WAHL IV, AND DISCLOSURE STATEMENT
PURSUANT TO 11 U.S.C. §§ 329 AND 504 AND
BANKRUPTCY RULES 2014(A) AND 2016(B)

I, Louis E. Wahl IV, state that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney with von Briesen & Roper, S.C. ("VBR") located at 411 East Wisconsin Avenue, Suite 1000, Milwaukee, WI 53202. I am a member in good standing of the State Bar of Wisconsin.

2. I am submitting this affidavit in support of the application of the Debtor for an order authorizing the Debtor to retain and employ VBR as its special counsel pursuant to Section 327(e) of the United States Bankruptcy Code (the "Code").

3. I have reviewed the Debtor's schedules and section 3(b) of its statement of financial affairs. Except as set forth in this affidavit, VBR has no connection with the Debtor, its creditors, or any other parties-in-interest, or their respective attorneys and accountants, or the Office of the United States Trustee.

1

4. VBR first began providing legal services on behalf of the Debtor on May 20, 1997.

5. VBR has significant experience in drafting health care agreements. VBR is familiar with the issues presented by the Debtor and its potential transfer of patients to another facility. VBR believes its experience and knowledge with health care matters will allow it to meet the Debtor's goals for the agreement.

6. VBR has represented (or currently does represent) the following creditors (or related parties thereof) of Debtor: Society Insurance, Med-Health Financial Services, Inc., University of Wisconsin, AT&T, Aurora Health Care, Bank of America, N.A., City of Darlington, CSSW Med-Health Financial Services, Kasdorf, Lewis, & Swietlik, Lakeview Pharmacy, Wegner CPA's LLP, Welders Supply Company, Wisconsin Department of Justice, U.S. Bank, N.A., WI Primary Health Care Association, and First National Bank and Trust; however, VBR's past or current representation of each of the foregoing creditors is wholly unrelated to the matter for which VBR is being retained by the Debtor as special counsel. Therefore, VBR's representation of the foregoing creditors does not create an actual or reasonably probable conflict of interest in relation to the Debtor or its estate with respect to VBR's limited representation.

7. VBR does have a pre-petition claim against Debtor; however VBR is waiving its claim listed on Schedule F in the amount of $3,051.00.

8. Since March 31, 2014, the date the bankruptcy petition was filed, VBR

2

has incurred $1,398.00 in post-petition fees as of the date of this affidavit.

9. VBR and its attorneys may use some of the creditors, such as utility and telephone providers and lending institutions, as their own vendors.

10. VBR does not currently, nor will it in the future, represent any entity in connection with this Chapter 11 case, or have any relationship with any such entity, including its attorneys or its accountants, which would be adverse to the Debtor or its estate.

11. VBR agrees to a fee cap of $5,000.00 for the services to be provided to the Debtor in this Chapter 11 case. VBR intends to apply to the Bankruptcy Court pursuant to the Rules and Code for payment of its fees and expenses incurred in this Chapter 11 case. VBR will be paid out of the operating account of the Debtor. In the event that VBR anticipates fees and expenses in excess of this fee cap, VBR shall seek approval from the Court for payment of the additional fees and expenses.

12. The Debtor understands that VBR will charge for its legal services at the following negotiated rates (which may be adjusted from time to time after notice to the Debtor) for attorneys who provide services to the Debtor in connection with its Chapter 11 proceedings:

| | |
|---|---|
| Rebecca H. Simoni | $350.00 per hour |
| Maureen A. Molony | $305.00 per hour |
| Louis E. Wahl IV | $210.00 per hour |

13. No promise has been received by VBR or any member thereof as to

3

payment or compensation in connection with this Chapter 11 case other than in accordance with the Code, as disclosed above. VBR has no agreement with any other entity to share with such entity any compensation received by VBR in connection with this case.

14. To the best of my knowledge, VBR does not represent any interest adverse to the Debtor or its estate in the matters as to which VBR is to be engaged by the Debtor except as disclosed in this affidavit. VBR submits that any relationships disclosed with the Debtor's creditors are *de minimis* and because VBR does not represent any of these creditors in any context that is related to the matter for which VBR is being retained by the Debtor as special counsel, these relationships do not result in VBR failing to be a "disinterested person" as required by the Code.

15. Based upon the foregoing, I submit that VBR is a "disinterested person" within the meaning of § 101(14) of the Code, as modified by § 1107(b).

[Remainder of page intentionally left blank]

_[signature]_

Attorney Louis E. Wahl IV
von Briesen & Roper, S.C.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: 414-287-1412
Fax: 414-238-6688
Email: lwahl@vonbriesen.com
Proposed Special Counsel for the Debtor

Subscribed and sworn to before me
this 15th day of July, 2014.

_[signature]_
Notary Public, State of Wisconsin
My Commission: is permanent.

_[Notary seal: LAUREN A. TRIEBENBACH, NOTARY PUBLIC, STATE OF WISCONSIN]_

5